G. C. FULTON *vs.* AMERICAN BUILDING & LOAN ASSOCIATION.

May 12, 1891.

**Building Association—Right of Member to Reduce his Stock.—**Under the terms and conditions of a certificate of membership in the defendant association, and of ownership of its stock, a member is not entitled to reduce his stock, and demand a new certificate for a less number of shares, until he has paid all dues and arrears on the old certificate.

Appeal by defendant from an order of the district court for Hennepin county, *Hicks*, J., presiding, overruling a demurrer to the complaint.

*J. S. Ingalls* and *Freeman P. Lane*, for appellant.

*Walter C. Tiffany*, for respondent.

MITCHELL, J.　In February, 1889, the defendant issued to the plaintiff a certificate of membership in the association, and of ownership of 20 shares of its stock, subject to certain terms and conditions. The first of these was that the shareholder should pay to the association 60 cents monthly for each share until such share matured or was withdrawn. The fourth was that, if any monthly payments were not paid when due, a fine of 10 cents per share should be imposed for each month payments might be in arrears. The fifth was that the stock was non-forfeitable; "but, if a monthly payment on any share becomes past due for a period of six months or more, such share

shall be sold at auction for the purpose of paying the arrearages." The seventh was as follows: "At any time after one year from date, this certificate may be returned, and a new certificate for a less number of shares issued. In such case the money paid hereon (except the first payment) shall be applied on the new certificate, and no more payments shall be required until such money is exhausted." The plaintiff paid the monthly dues on the 20 shares for one year; that is, up to February, 1890. In July, 1890, he returned his certificate, and demanded of defendant a new certificate for 10 shares, and that the money paid on the old certificate be applied on the new, as provided in condition 7, already quoted. The defendant refused to comply with this demand. The complaint does not allege either payment or tender of the dues on the 20 shares for the months intervening between January and July, 1890, and hence it must be assumed that the dues for these months were in arrears, and that payment was not tendered. And this presents the only question in the case, the defendant claiming that payment of these arrearages was a condition precedent to the right of plaintiff to surrender his old certificate and demand a reduction of his stock, while the plaintiff's contention is that his right to this, under condition 7, was absolute, and not dependent upon his first paying dues or fines that had become payable and in arrears under other provisions of the certificate. Plaintiff rests this contention upon the general and unqualified language of condition 7, which he claims is not dependent upon or qualified by the other terms and conditions of the contract.

We are unable to agree to this construction. All of these terms and conditions—some to be kept and performed by the plaintiff and others by the defendant—constitute a single contract; and it is not permissible for one party to single out one which is favorable to himself, and rest exclusively on its language without reference to the others. The common intention of the parties must be collected from the entire contract, and where, as in this case, it consists of mutual promises,—those on one side being the consideration for those on the other,—the construction which renders them dependent, so that neither party can compel performance by the other unless he himself is

ready to perform, will be preferred, because more reasonable and just. Courts ought not to construe covenants and agreements independent, so that one party may refuse to perform and still enforce performance by the other, unless it clearly appears that such was the deliberate intention of the contracting parties. Under the construction contended for by the plaintiff, a member might postpone for years to elect whether he would retain his original number of shares of stock, or reduce them, in order to see which would prove most advantageous to him,—in the mean time defaulting in the payment of his dues,—and then, if such course was most beneficial, turn back and resume the position which he occupied at the end of one year from the date of his certificate, and entirely ignore all the liabilities under his contract which he had subsequently incurred. Under condition No. 5 the association has a lien on the stock for all monthly dues in arrears. To allow plaintiff to do what he demands would be to destroy this lien, if not entirely wipe out the debt which it secures. A construction of the contract which would lead to any such result is unreasonable, and is certainly not compelled by its language, and hence should not be adopted. Our opinion is that under this contract a member is not entitled to reduce his stock, and demand a new certificate, until he has become "clear of the books" by paying all dues in arrears on the old certificate.

Order reversed.

NOTE. A motion for a reargument of this case was denied June 4, 1891.